## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

VALENCIA R. DAVIS,

        Plaintiff,

    v.

CINFED FEDERAL CREDIT UNION,

        Defendant.

**Case No. 1:23-cv-776**

**JUDGE DOUGLAS R. COLE**

ANGELA WHITTERSON,

        Plaintiff,

    v.

CINFED FEDERAL CREDIT UNION,

        Defendant.

**Case No. 1:23-cv-787**

**JUDGE DOUGLAS R. COLE**

KENDALL BURWICK,

        Plaintiff,

    v.

CINFED FEDERAL CREDIT UNION,

        Defendant.

**Case No. 1:23-cv-824**

**JUDGE DOUGLAS R. COLE**

**CHRISTOPHER TALBOT-JONES,**

      **Plaintiff,**

                              **Case No. 1:23-cv-829**

    **v.**

                              **JUDGE DOUGLAS R. COLE**

**CINFED FEDERAL CREDIT UNION,**

      **Defendant.**


**DANIEL PAIGE,**

      **Plaintiff,**

                              **Case No. 1:23-cv-830**

    **v.**

                              **JUDGE DOUGLAS R. COLE**

**CINFED FEDERAL CREDIT UNION,**

      **Defendant.**

### ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE RELATED CASES AND TO APPOINT INTERIM CO-LEAD CLASS COUNSEL

      This matter is before the Court on the Joint Motion to Consolidate and to Appoint Interim Co-Lead Class Counsel. Plaintiffs Valencia R. Davis, Angela Whitterson, Kendall Burwick, Christopher Talbot-Jones, and Daniel Paige (collectively Plaintiffs), in the above-captioned actions, move to consolidate the actions, appoint interim class counsel, set scheduling deadlines, and permit the filing of a single consolidated complaint.

      Having reviewed the Motion, the Memorandum in Support, and the Complaints in the above-captioned actions and having found that the cases involve some of the same issues of fact and law, grow out of the same alleged data breach

involving Defendant Cinfed Federal Credit Union, have many of the same claims, and have proposed class definitions that will encompass the same persons, this Court finds that the cases have sufficient commonality of issues and parties to warrant consolidating the cases. This Court further finds that the benefits of consolidation are not outweighed by any risk of prejudice or jury confusion. The effect of such consolidation will be judicial economy and preserving the Parties' resources, as well as avoiding disparate rulings in separate actions.

The Court further finds that the early identification and appointment of Interim Class Counsel is in the best interests of the parties and of judicial economy. Such appointment will establish a clear leadership structure on the Plaintiffs' side, will allow Defendant and Defendant's counsel clear direction with respect to Plaintiffs' counsels' authority to negotiate and enter into stipulations, confer with respect to deadlines and other issues, and agree to Court required discovery plans. Furthermore, such interim appointment will ensure that the members of the putative Classes are adequately protected up to and until the Court's final determination on whether or not to certify the Class.

Accordingly, because this Court finds that the Related Actions have sufficient commonality of law and fact, and that consolidation will not increase the risk of an unfair outcome, and for good cause shown, the Motion is **GRANTED**. As such, the Court **ORDERS** the following:

## I.      Consolidation of the Related Actions.

The above-captioned actions shall be **CONSOLIDATED** for all purposes into the first-filed action (the *Davis* Action) and recaptioned *In re Cinfed Federal Credit*

*Union Data Breach Litig.*, Case No. 1:23-cv-776, which is the lowest numbered case. All future pleadings, motions, briefs, and other papers shall be filed in the *In re Cinfed Federal Credit Union Data Breach Litig.*, Case No. 1:23-cv-766, which shall hereinafter be a Consolidated Action. The Clerk is **DIRECTED** to close the *Whitterson*, *Burwick*, *Talbot-Jones*, and *Paige* actions and the Court further orders that:

a) Each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of Defendant's right to object to consolidation of any subsequently-filed or transferred related action;

b) Plaintiffs' consolidated amended class action complaint shall be filed within 30 days after this Order approving consolidation;

c) Defendant's obligation to answer, move, or otherwise respond to the complaints shall be held in abeyance pending a consolidated amended complaint; and

d) Defendant shall answer, move, or otherwise file a response to the consolidated amended complaint within 45 days of the filing of the consolidated amended class action complaint, Plaintiffs shall have 30 days to file a response to any motion, and Defendant shall have 30 days following any response filed by Plaintiffs to file its reply in support of any motion.

## II.     Appointment of Interim Class Counsel.

The Court **ORDERS** that Terence R. Coates of Markovits, Stock & DeMarco, LLC, and Philip J. Krzeski of Chestnut Cambronne PA are appointed as Interim Class Counsel for all Plaintiffs. Interim Class Counsel must assume responsibility for the following duties during all phases of this litigation:

a) Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

b) Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

c) Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiating proposals, suggestions, schedules, and any other appropriate matters;

5

d) Determining (after consultation with other co-counsel as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as they or their designee may deem appropriate) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings;

e) Serving as the primary contacts for all communications between Plaintiffs and Defendants, and acting as spokespersons for all Plaintiffs vis-à-vis Defendant and the Court;

f) Directing and executing on behalf of Plaintiffs the filing of pleadings and other documents with the Court;

g) Appearing at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences;

h) Receiving and initiating communication with the Court and the Clerk of the Court (including receiving orders, notices, correspondence, and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel;

i) Initiating and conducting discussions and negotiations with counsel for Defendant on all matters, including settlement;

j) Negotiating and entering into stipulations with opposing counsel as necessary for the conduct of the litigation;

k)  Initiating, coordinating, and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency;

l)  Selecting, consulting with, and employing experts for Plaintiffs, as necessary;

m)  Encouraging and enforcing efficiency among all Plaintiffs' counsel;

n)  Assessing Plaintiffs' counsel for the costs of the litigation;

o)  Preparing and distributing periodic status reports to the Court and to the parties as ordered;

p)  Developing and recommending for Court approval practices and procedures pertaining to attorneys' fees and expenses as further detailed below and, on an ongoing basis, monitoring and administering such procedures. At such time as may be appropriate, Interim Class Counsel also will recommend apportionment and allocation of fees and expenses subject to Court approval; and,

q)  Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

***Settlement Discussions***

Any discussions of a settlement of this litigation shall be conducted by Interim Class Counsel and any counsel designated by Interim Class Counsel.

***Proposed Agendas***

In advance of each status conference, Interim Class Counsel and Defendant's counsel will meet and confer regarding the agenda for the conference. Unless

otherwise ordered, Class Counsel and Defendant's counsel will file a joint notice setting out the proposed agenda and the parties' joint and/or respective positions no later than five calendar days prior to each status conference.

### *Application of this Order*

This Order applies to all actions included in the above-captioned consolidated matters and all subsequently consolidated actions.

Interim Class Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in each related action not yet consolidated in this proceeding to the extent that Interim Class Counsel is aware of any such action(s) and on all attorneys for Plaintiffs whose cases have been so consolidated but who have not yet registered for ECF.

**SO ORDERED.**

January 25, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**